IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  **1:23-cv-00321**

**LARISA FESMIRE,**

    **Plaintiff,**

**v.**

**COLORADO SYMPHONY ASSOCIATION,
d/b/a COLORADO SYMPHONY
ORCHESTRA, INC.,**

    **Defendant.**

---

**COMPLAINT WITH JURY DEMAND**

---

Plaintiff, Larisa Fesmire, by way of original Complaint against Defendant, Colorado Symphony Association, d/b/a/ Colorado Symphony Orchestra, Inc., alleges and avers as follows:

### I.  INTRODUCTION

1. This is an action for damages sustained by Plaintiff as a result of Defendant's discriminatory practices in the workplace against Plaintiff, which culminated in the unfair and discriminatory termination of Plaintiff's employment from Defendant.

2. Plaintiff is a highly accomplished orchestral violinist who has played for the Colorado Symphony Orchestra ("CSO") since 1998. At the time of the events alleged in this complaint, Plaintiff was earning a yearly salary of $57,784.00 with medical benefits.

3.      Plaintiff is also a Bible based Christian and has attended the Rockland Community Church since 2006.  While Plaintiff has been spiritual her entire life, that her spirituality has grown since meeting and eventually marrying her husband.

4.      The Colorado Symphony Association is a Colorado nonprofit corporation, formed in 1937, which, through its subsidiary, Colorado Symphony Orchestra, Inc., provides live symphony orchestra entertainment, in Denver, Colorado.

5.      In the latter half of 2021, Defendant, initiated a protocol requiring all its employees to submit to and provide proof of the COVID-19 vaccination.  This protocol did not allow for any exceptions to the vaccination requirement.  In September of the same year, Plaintiff submitted a request for religious exemption to Defendant's vaccination mandate.  Another request was submitted on or about November 23, 2021.

6.      Despite Plaintiff's requests for an exemption from the vaccination mandate due to her sincerely held religious beliefs, coupled with her willingness to submit to any accommodations which would not have placed an undue burden or hardship on Defendant, Plaintiff was not allowed to play with the orchestra, effectively terminating her employment with Defendant.

**7.**      Defendant's discriminatory and illegal actions against Plaintiff violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and caused Plaintiff to suffer injuries, damages, and losses.

## II.    PARTIES

8.      Plaintiff is a resident of Jefferson County, Colorado.  At all times relevant, Plaintiff was an employee of Defendant.

9. Plaintiff is a Christian and thus a member of the classes of persons protected by Title VII, Section 2000e et. seq., at all relevant times.

10. Defendant Colorado Symphony Association d/b/a Colorado Symphony Orchestra Inc. is a Colorado nonprofit corporation with a principal office address of 1000 14th Street, Unit 15, Denver, Colorado 80202.  Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent in the State of Colorado:  Coreen Tighe Miller, with a principal office address of 1000 14th Street, Unit 15, Denver, Colorado 80202

11. At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(b) and (f).

### III.  JURISDICTION AND VENUE

12. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiffs claims arise under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and 42 U.S.C. § 2000e, *et seq*.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

14. All conditions precedent to the initiation of this action and the claims herein asserted have been fulfilled and satisfied.  Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") which was later amended, against Defendant.  Plaintiff received her Notice of Right to Sue on her charges on November 8,

2022.  Plaintiff filed this Complaint within 90 days of her receipt of the November 8, 2022, Notice of Right to Sue.

15. Plaintiff has met all procedural requirements for her Title VII claims.

### IV.   STATEMENT OF FACTS

16. Plaintiff has been a valued employee of Defendant since 1998 as a violinist and member of Defendant's orchestra.  In addition to performing in Defendant's scheduled symphonies, Plaintiff has also played other events for Defendant and has participated in may education outreach programs on behalf of Defendant.

17. Plaintiff is a Bible based Christian who has attended the Rockland Community Church since 2006.  As part of her sincerely held religious beliefs, Plaintiff does not receive any vaccinations, and has not, even as a child, due to her spiritual beliefs. The belief that vaccinations are against the word of God lies in a number of teachings from the Bible, including, but not limited to:

   a. Corinthians 6:19 – "Or do you not know that your body is a temple of the Holy Spirit within you, whom you have from God?  You are not your own, for you were bought with a price.  So glorify your body."; and

   b. Corinthians 3-17 – "If anyone destroys God's temple, God will destroy him.  For God's temple is holy, and you are that temple."

18. On or about July 8, 2021, Defendant issued a COVID-19 vaccination mandate ("Mandate") to its employees.  The Mandate required Defendant's employees to present proof of vaccination against the COVID-19 virus.  No exceptions were allowed.  (A copy of the July 8, 2021, Mandate is attached as Exhibit 1 and is incorporated by this reference).

4

19. On or about September 6, 2021, Plaintiff submitted a request for an exemption from the Mandate, citing her sincerely held religious beliefs. On September 8, 2021, Defendant held an Orchestra Committee-Management Meeting. During the meeting, the participants discussed Defendant's COVID Protocols. The participants discussed whether they should allow unvaccinated musicians with medical or religious exemptions to continue to play, so long as those musicians complied with frequent testing and mask requirements. A motion was made and passed to remove from the roster all unvaccinated musicians. Musicians with medical or religious exemptions would be forced to use sick leave while not on the roster. In direct contradiction to their vaccination mandate, unvaccinated audience members would be allowed to attend Defendant's events under the requirement that they show proof of a medical and/or religious exemption and a negative COVID test. (A copy of the September 8, 2021, meeting minutes is attached as Exhibit 2 and is incorporated by this reference).

20. Defendant subsequently denied Plaintiff's request for a religious exemption from the vaccination requirement on or about September 8, 2021. Following the denial of her request, Plaintiff was removed from Defendant's musician roster effectively placing her on leave. For over two months, Defendant had little to no contact with Plaintiff regarding any type of resolution to her exemption request and subsequent administrative leave. During that same time period, Plaintiff agonized over her future as an employee with Defendant.

21. On September 24, 2021, another Orchestra Committee-Management Meeting was held. During this September 24 meeting, a participant suggested to revisit COVID testing using rapid at-home tests for the winds and brass players. The response to this suggestion was that unless an individual is showing symptoms, there is no purpose in testing and, therefore, Defendant would

not consider reinstating any testing at that time.  (A copy of the September 24, 2021, meeting minutes is attached as Exhibit 3 and is incorporated by this reference).

22. On or about November 23, 2021, Plaintiff, following Defendant's internal protocols, submitted an appeal in support of her request for a religious exemption from the Mandate.  A teleconference meeting was later initiated by Defendant on December 10, 2021, to discuss Plaintiff's exemption request with her.  Plaintiff's counsel also participated in the teleconference meeting.

23. During the abovementioned teleconference meeting, Defendant accepted Plaintiff's religious exemption.  However, the only accommodation offered by Defendant was to place Plaintiff on unpaid administrative leave.  Plaintiff offered multiple accommodations which would address the concerns of Defendant and yet allow her to return to the musician's roster.  Plaintiff offered to wear a mask at all times and to submit to frequent testing.  Defendant did not accept Plaintiff's offers and denied her exemption request, placing her on unpaid leave, effectively terminating her employment.  )A copy Plaintiff's Religious Exemption request with subsequent denial is attached as Exhibit 4 and is incorporated by this reference).

24. On or about March 9, 2022, Defendant advised Plaintiff that her unpaid leave would be lifted effective March 14, 2022.  However, Plaintiff was not able to return to work until on or about September 9, 2022, as she was recovery from surgery to her wrist.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. § 2000e, *et seq.***

25. Plaintiff incorporates all previous allegations as though fully set forth herein *verbatim*.

26. Title VII prohibits discrimination against employees on the basis of their religion.  42 U.S.C. § 2000e-2(a) ("It shall be unlawful employment practice for an employer . . . to fail or refuse

6

to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. . . .").

27. Title VII defines the protected category of religion to include "all aspects of religious observance and practice as well as belief." 42 U.S.C. § 2000e(j). Moreover, as the EOC has made clear, Title VII's protections also extend nonreligious beliefs if related to morality, ultimate ideas about life, purpose, and death. *See EEOC, Questions and Answers: Religious Discrimination in the Workplace* (June 7, 2008), https://www.eeoc.gov/laws/guidance/questions-and-answers-religious-discrimination-workplace ("Title VII's protections also extend to those who are discriminated against or need accommodation because they profess no religious beliefs."); (*Id*. ("Religious beliefs include theistic beliefs (ie. Those that include a belief in God) as well as non-theistic 'moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength or traditional religious views.' Although courts generally resolve doubts about particular beliefs in favor of finding that they are religious, beliefs are not protected merely because they are strongly held. Rather religion typically concerns 'ultimate ideas' about 'life, purpose, and death'").).

28. Defendant is an employer within the meaning of Title VII and employs more than 15 employees.

29. By refusing to consider, much less grant any religious accommodation or exemption the their COVID-19 vaccination mandate, Defendant has discriminated against Plaintiff's sincerely held religious beliefs with respect to the terms, conditions, and privileges of employment.

30. By terminating Plaintiff's employment for refusing to violate her sincerely religious beliefs and comply with Defendant's COVID-19 vaccination mandate, Defendant has unlawfully

discriminated against Plaintiff by discharging her or constructively discharging her for the exercise of her religious beliefs.

31. Plaintiff has a bona fide and sincerely held religious belief against the COVID-19 vaccines, as outlined above.

32. Plaintiff's sincerely held religious beliefs conflict with Defendant's policies to withhold from Plaintiff any consideration of sincerely held religious objections.

33. Plaintiff has raised her sincerely held religious beliefs with Defendant, has brought her objections and her desire for a religious accommodation and exemption to Defendant's attention, and has requested a religious exemption and accommodation from Defendant's COVID-19 vaccination mandate.

34. Defendant's termination, threatened termination, denial of benefits, and other adverse employment actions against Plaintiff are the result of Plaintiff's exercise of her sincerely held religious beliefs.

35. Defendant's refusal to consider or grant Plaintiff's requests for accommodation and exemption from their COVID-19 vaccination mandate has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

36. Due to Defendant's willful violations of Title VII, Plaintiff was damaged and is entitled to recover compensatory damages, back pay, reputational damages, damages for emotional trauma and distress, punitive damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

37. WHEREFORE, Plaintiff respectfully prays for relief against Defendant as hereinafter set forth in her prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A. A judgment that Defendant has engaged in all of the conduct as alleged in this Original Complaint, and Defendant has, by engaging in such conduct, violated Title VII.

B. A judgement against Defendant awarding Plaintiff an amount equal to the back pay, including salary, bonuses, retirement benefits, and employee benefits, she would have received had she not been constructively terminated in violation of Title VII.

C. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's wrongful conduct.

D. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its wrongful conduct.

E. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including reasonable attorney fees.

F. A judgment against Defendant awarding Plaintiff such other legal and equitable relief as may be appropriate, including pre-judgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

Respectfully submitted,

*/s/ Shawn Hillewaert*
**Shawn Hillewaert**
BARRINGER LAW FIRM, P.C.
5660 Greenwood Plaza Blvd., Ste. 445
Greenwood Village, CO 80111
Telephone: (303) 377-2338
Attorney for Plaintiff

**Matthew K. Barringer**
BARRINGER LAW FIRM, P.C.
5660 Greenwood Plaza Blvd., Ste. 445
Greenwood Village, CO 80111
Telephone: (303) 377-2338
Attorney for Plaintiff