IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00321-RM-SBP

LARISA FESMIRE,

    Plaintiff,

v.

COLORADO SYMPHONY ASSOCIATION d/b/a Colorado Symphony Orchestra, Inc.,

    Defendant.

___

# ORDER
___

    This religious accommodation case is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 80.) The Motion has been briefed (ECF Nos. 96, 98) and is granted for the reasons below.

**I.    LEGAL STANDARD**

    Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in her favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of her claim, the burden shifts to her to set forth specific facts showing that there is a genuine issue for trial. *See id.* If she fails to make a sufficient showing to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

## II. BACKGROUND

Consistent with the Court's Civil Practice Standards, Defendant's Motion was accompanied by a Statement of Undisputed Material Facts (ECF No. 81), identifying each material fact claimed to be undisputed and providing citations to evidence supporting those facts. Plaintiff filed her Response several weeks late, without requesting an extension and without an

accompanying separate statement stating whether the facts in Defendant's Statement were disputed or undisputed. *See* Civ. Practice Standard IV.C.2.d.2. Now six months later, she still has not responded to Defendant's Statement; nor has she supplemented her Response.[1] In the absence of any evidence that the facts set forth in Defendant's Statement are in dispute, the Court accepts them as stated for summary judgment purposes and summarizes them here as follows.

Plaintiff is a Christian who has worked for Defendant as a violinist since 1998. (ECF No. 81, ¶¶ 1, 2.) The terms of her employment, including the amount of leave she can receive, are dictated by a collective bargaining agreement between Defendant and the musicians' union. (*Id.* at ¶¶ 8, 9, 10.)

In March 2020, symphony performances were halted due to the COVID-19 pandemic. (*Id.* at ¶ 14.) In the months that followed, Defendant imposed mask requirements and daily symptom checks, but these efforts proved unsuccessful in protecting musicians from becoming infected with COVID-19. (*Id.* at ¶¶ 15, 18.) Musicians sit closely together, and those who play brass and woodwind instruments, who cannot rehearse with a mask on, were permitted to remove their masks. (*Id.* at ¶¶ 7, 16.)

In preparation for resuming performances in September 2021, Defendant implemented a policy requiring all musicians to receive the COVID-19 vaccine. (*Id.* at ¶¶ 32, 35.) This and other measures were adopted in accordance with contemporaneous guidance from health officials for indoor activities. (*Id.* at ¶¶ 34, 36.) Plaintiff requested an exemption from the policy, citing her sincere religious beliefs. (*Id.* at ¶ 37.) At that time, she was removed from the

---

[1] Plaintiff has already been admonished by this Court for her lack of participation in this litigation and warned that her case could be dismissed for failure to prosecute. (ECF Nos. 49, 92.)

musician roster and placed on paid leave with full benefits. (*Id.* at ¶¶ 40, 44.)

In November 2021, the Occupational Safety and Health Administration ("OSHA") published a regulation requiring employers with over 100 employees (such as Defendant) to implement a vaccine mandate. (*Id.* at ¶ 48.) Plaintiff again submitted a formal request for religious accommodation. (*Id.* at ¶ 52.) Defendant discussed with Plaintiff her requested accommodations but ultimately concluded having her wear a mask and submit to frequent testing was not feasible because previous attempts at masking and testing had failed, brass and woodwind musicians and guest singers were unable to remain masked, and physical limitations of its performance space did not allow musicians to perform in isolation. (*Id.* at ¶¶ 62, 63, 65, 66.) Therefore, her requested accommodations were denied, and Plaintiff was placed on unpaid leave with full benefits from December 2021 until March 2022, when, pursuant to updated guidance from health officials, all musicians were invited to return to work regardless of vaccination status. (*Id.* at ¶¶ 69, 76.) Plaintiff then went on paid sick and disability leave as she was recovering from wrist surgery and returned to work in September 2022. (*Id.* at ¶¶ 77, 78.)

Plaintiff filed this lawsuit in February 2023. (ECF No. 1.) In her Verified Amended Complaint (ECF No. 5), she asserts a single claim for religious discrimination under Title VII of the Civil Rights Act of 1964.

### III.   ANALYSIS

Title VII "requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 453-54 (2023) (quoting 42 U.S.C. § 20003(j)); *see also Tabura v. Kellogg USA*, 880 F.3d 544, 549 (10th Cir. 2018). A plaintiff may establish a prima facie case

4

for failure to accommodate by showing that "(1) she had a *bona fide* religious belief that conflicted with an employment requirement; and (2) her need for an accommodation was a motivating factor in the employer's decision to take an adverse employment action against her." *EEOC v. Jetstream Ground Serv., Inc.*, 134 F. Supp. 3d 1298, 1318 (D. Colo. 2015) (citing *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 (2015)). "If the employee establishes a *prima facie* case, the burden shifts to the defendant employer to 'conclusively rebut one or more elements of the plaintiff's *prima facie* case, (2) show that it offered a reasonable accommodation, or (3) show that it was unable to accommodate the employee's religious needs reasonably without undue hardship.'" *Id.* (quoting *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1156 (10th Cir. 2000)).

Here, Defendant first argues that Plaintiff cannot establish her prima facie case because she has adduced no evidence showing that it placed her on unpaid leave because of her Christian faith or that any non-Christians were allowed to remain on paid leave or allowed to return to work in person while the vaccine mandate was in effect. The Court agrees that Plaintiff has not provided a factual basis to support an inference that her need for an accommodation was a motivating factor behind any adverse employe action taken against her. Plaintiff's mere assertion that there was religious discrimination—devoid of factual support—is insufficient to create a genuine issue for trial.[2] Plaintiff's claim fails for this reason alone.

But even if she could establish a prima facie case, Plaintiff has not shown there is a genuine dispute as to whether Defendant was unable to accommodate her religious needs

---

[2] Plaintiff's repeated, conclusory assertion in her Response that her complaint and answers to all discovery detail her theory of the case is insufficient to withstand Defendant's Motion. *See Tesone*, 942 F.3d at 994.

reasonably without undue hardship. When Defendant placed her on unpaid leave, it believed that granting her request to return to in-person work would violate OSHA regulations and that it could face potential liability for failing to provide a safe work environment for all its employees. (ECF No. 80 at 9 n.20.) Further, Defendant determined it could not isolate unvaccinated musicians without negatively affecting its performances, and its previous attempt to resume in-person work with masking and testing resulted in multiple musicians becoming infected with COVID-19.

In addition, Defendant has shown that it incurred and would continue to incur significant costs by placing Plaintiff on paid leave indefinitely (paying her salary plus the additional cost of a substitute violinist) and that granting such leave would violate the collective bargaining agreement governing the musicians' terms of employment. *See Groff*, 660 U.S. at 472 (noting that Title VII requires an assessment of a possible accommodation's effect on the employer's business); *see also id.* at 462 (stating that Title VII does not require depriving senior employees of their rights under an agreed seniority system). Plaintiff does not meaningfully challenge Defendant's contention that these costs were substantial in the overall context of its business. *See id.* at 468. Accordingly, the evidence supporting Defendant's determination that placing Plaintiff on paid leave indefinitely was not a reasonable accommodation is undisputed. Because there is no genuine dispute that Defendant was unable to accommodate Plaintiff's request for a religious exemption without undue hardship, the Court finds Defendant is entitled to summary judgment for this reason as well.

In its Motion, Defendant also seeks an award of attorney fees and costs. But this Court's Practice Standards do not permit a filing to contain a separate motion. *See* Civ. Practice

Standard IV.A.  Moreover, Defendant has not complied with the requirements of D.C.COLO.LCivR 54.3.  Therefore, that request is denied without prejudice.

## IV. CONCLUSION

The Motion for Summary Judgment (ECF No. 80) is GRANTED, and the Clerk is directed to CLOSE this case.

DATED this 30th day of April, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge